```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
CHARLES CORBISHLEY,                                           :
                                                              :      20-CV-7445 (VSB)
                                      Plaintiff,              :
                                                              :      **OPINION & ORDER**
                    - against -                               :
                                                              :
                                                              :
                                                              :
ANDREW NAPOLITANO,                                            :
                                                              :
                                      Defendant.              :
                                                              :
------------------------------------------------------------- X

Appearances:

Jon L. Norinsberg
John Joseph Meehan
Diego Oswaldo Barros
Bennitta Lisa Joseph
Joseph & Norinsberg, LLC
New York, NY

*Counsel for Plaintiff*

Michael D. Sirota
Cole Schotz Meisel Forman & Leonard, P.A.
New York, NY

Cameron Alexander Welch
Cole Schotz Meisel Forman & Leonard, P.A.
Hackensack, NJ

Thomas Clare
Daniel Watkins
Claire Locke LLP
Alexandria, VA

*Counsel for Defendant*

<u>VERNON S. BRODERICK, United States District Judge</u>:

Before me is the motion to transfer venue filed by Defendant Andrew Napolitano. Because venue is improper in this District under 28 U.S.C. § 1391(b), Defendant's Motion is GRANTED.

I.     **<u>Background</u>**

Plaintiff Charles Corbishley brought suit in this Court on September 11, 2020, under diversity jurisdiction. (Compl. ¶ 3.)[1]  Plaintiff argues that venue is proper is this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in New York City, (*id.* ¶ 4), and does not identify any other reason why venue would be proper in this District.

The Complaint alleges four counts brought under New Jersey Stat. § 2A:14-2b. (*Id.* ¶¶ 80–96.)  According to the Complaint, Defendant, then a New Jersey Superior Court Judge presiding over a case in which Corbishley was a criminal defendant, sexually assaulted Corbishley at a residence in Hackensack, New Jersey, in or around December 1988. (*Id.* ¶¶ 20–44.)

On September 15, 2020, Defendant brought suit against Plaintiff in the United States Court for the District of New Jersey, alleging that Plaintiff's allegations in his Complaint and statements to the press and public through counsel and agents amount to defamation against Napolitano. *Napolitano v. Corbishley*, no. 2:20-cv-12712.  On that same date, Defendant filed his Notice of Motion Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, which included a memorandum of law and declarations with exhibits, arguing that venue is improper under 28 U.S.C. § 1391(b) and that this case should be transferred to the District of New Jersey under 28 U.S.C. §1406(a). (Doc. 6.)  Defendant argues principally that he resides in

---

[1] "Compl." refers to the Complaint filed in this action on September 11, 2020. (Doc. 1.)

2

Sussex County, New Jersey, and not New York City, such that venue is improper under 28 U.S.C. § 1391(b)(1). (Doc. 6-1 at 4–5.) On September 23, 2020, Plaintiff filed his opposition to Defendant's motion to transfer, which included a memorandum of law and declaration with exhibits, (Doc. 8), and Defendant filed his reply on September 30, 2020, which included a memorandum of law and declarations with exhibits, (Doc. 15).

## II. Legal Standard

Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether or not venue is wrong or improper depends entirely on whether the federal district court in which a case is brought satisfies the requirements of federal venue laws. *Alt. Marine Const. Co. v. U.S. Distr. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013).

The question of whether venue is wrong or improper is generally determined with reference to 28 U.S.C. § 1391, which provides that "[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States." § 1391(a). Section 1391 determines that "[a] civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

§ 1391(b). For purposes of § 1391(b)(1), "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." § 1391(c)(1).

If a case does not fall into any of the three categories spelled out in § 1391(b), venue is improper, and the case must either be dismissed, Fed. R. Civ. P. 12(b)(3), or transferred to a proper venue, 28 U.S.C. §1406(a). In determining whether venue is proper, I may rely on matters outside the Complaint. *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004).[2]

### III. Discussion

The essence of the dispute between the parties concerns which judicial district Napolitano "resides" in for purposes of § 1391(b)(1). Plaintiff does not contest that nearly all of the events giving rise to the causes of action occurred in New Jersey, the Complaint does not reference § 1391(b)(2) as a basis for venue, and Plaintiff's opposition papers do not argue that venue would

---

[2] In arguing for a more favorable standard of review, (Doc. 8 at 3), Plaintiff confuses the legal standard for discretionary transfer based upon *forum non conveniens* under 28 U.S.C. § 1404, with the legal standard for mandatory dismissal or transfer under § 1406(a) because venue is improper under § 1391, *see* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3827 (4th ed. 2020) ("A prerequisite to invoking Section 1406(a) is that the venue chosen by the plaintiff is improper. . . . If the original federal forum is a proper venue, transfer of the action may be ordered under Section 1404(a), and Section 1406(a) is inapplicable."). Judicial deference to a plaintiff's choice of venue is warranted in disputes concerning *forum non conveniens* and § 1404, where the plaintiff's choice of venue has necessarily been deemed proper and the district court decision to transfer the case is "discretionary." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). However, deference is not warranted here, where I must determine the threshold question of whether venue is proper or improper under § 1391. The cases cited by Plaintiff for the proposition that Defendant must prove by "clear and convincing evidence" that transfer of venue is warranted, *see, e.g. N.Y. Marine & Gen. Ins. Co.*, 599 F.3d 102; or that "the plaintiff's choice of forum should rarely be disturbed," *see, e.g., Iragorri v. United Techs. Corp.*, 274 F.3d 65 (2d Cir. 2001) (en banc), are inapposite because they are all in the context of § 1404 and *forum non conveniens*.

be proper under § 1391(b)(2). Napolitano contends that he resides in New Jersey. In opposition, Corbishley counters that Napolitano resides in New York City.

As noted, for purposes of the § 1391(b)(1) analysis, a defendant "resides" in the judicial district where that person is domiciled. § 1391(c)(1); *see also Bunn v. Dash*, 2020 WL 4586790, No. 19-cv-11804 (MKV), at *4 (S.D.N.Y. Aug. 10, 2020) ("[f]or venue purposes, a 'natural person' resides in the district where the person is domiciled."); *Rankel v. Kabateck*, 2013 WL 7161687, No. 12 CV 216(VB), at *4 (S.D.N.Y. Dec. 9, 2013). While Plaintiff is correct that most cases analyzing the concept of "domicile" are in the context of diversity jurisdiction and not the venue statute, (Doc. 8 at 8–9,) he does not provide any authority to suggest that the definition of the term "domicile" should differ based on the different contexts. Plaintiff, in fact, does not even cite § 1391(c)(1) anywhere in his opposition motion.

Therefore, in assessing whether venue is proper under § 1391(b)(1), I must determine where Defendant is domiciled. "Although a person may have more than one residence, she may only have one domicile at any one time." *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991). "Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change. To effect a change of domicile, 'two things are indispensable: First, residence in a new [domicile]; and, second, the intention to remain there. The change cannot be made, except *facto et animo*. Both are alike necessary. Either without the other is insufficient.'" *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). In other words, if a person is domiciled in a particular location, that location remains his domicile "whenever he is absent" so long as "he has the intention of returning." *Linardos*, 157 F.3d at 948 (internal citation omitted). "In determining domicile . . . courts consider factors including voting

5

registration, employment, current residence, location of real and personal property, location of spouse and family, driver's license, automobile registration, tax payment and addresses, and location of a person's bank account and physician." *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013).

The parties agree that Napolitano owns two homes—one in Sussex County, New Jersey, and one in Manhattan—and that he typically spends at least some nights each week staying at each home. (Doc. 8, at 1, 5; Doc. 15-1, ¶¶ 5–6.) However, Napolitano offers significant evidence that even if he is at times absent, he has "the intention to remain" in Sussex County. *Palazzo*, 232 F.3d at 42. Napolitano asserts in his declarations that he has: (1) a New Jersey's driver's license; (2) a New Jersey firearm license, and (3) that he pays taxes, is registered to vote, and has all four of his vehicles registered and insured in New Jersey. (Doc. 15-1 ¶¶ 12, 17, Ex. A, Ex. B, Ex. D.) Napolitano also states that he owns and operates a farm in New Jersey through a New Jersey corporation with a New Jersey bank account. (*Id.* ¶ 13.) In addition, his church and all his doctors are located in New Jersey. (*Id.* ¶¶ 14–15.) Finally, Napolitano also swears that he "intend[s] to stay [in Sussex County] into retirement and beyond." (*Id.* ¶ 19.)

In opposition, Plaintiff's strongest evidence is a declaration from an individual who asserts that Napolitano personally told him at times between 2014-2017 "that he lives and works in Manhattan (5) five days a week" and "that he goes to his New Jersey home only on the weekends." (Doc. 8-1 Ex. E ¶¶ 8–9.)[3] The assertions in the declaration are in tension with

---

[3] This Circuit does not provide clear guidance on whether or not the Federal Rules of Evidence apply to a motion to transfer venue. At least some federal courts have determined that the Rules of Evidence should apply. *See Melo v. Zumper, Inc.*, 439 F. Supp. 3d 683, 693, 695–96 (E.D. Va. 2020) (determining that "affidavits submitted in support of a motion may not be . . . based upon hearsay" and that an affidavit should be considered when assessing defendant's motion to transfer only if it satisfies the Rules of Evidence); *Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.*, No. 3:14-CV-3398-L(BH), 2016 WL 4479511, at *7–*8 (N.D. Tex. Aug. 25, 2016) (assessing plaintiffs' hearsay objections to evidence defendant provided in motion to transfer); *Aspen Ins. UK v. Brown & Brown, Inc.*, No. CV10-07892 MMM (JCGx), 2011 WL 13217776, at *3 n.54 (C.D. Cal. May 2, 2011) (ruling on personal knowledge and hearsay objections related to affidavit supporting motion to transfer). No matter

6

Napolitano's assertions in his declarations that he has "always" spent at least half his time at his home in Sussex County, that he "spend[s] far fewer than 180 days or nights of the year at the New York City apartment," and that his Sussex County home has been his "primary residence since May 2001." (Doc. 6-2, ¶ 4; Doc. 15-1, ¶¶ 5–6.)

The remainder of Plaintiff's factual arguments provide little help to his New York residency argument. Plaintiff provides a declaration from a private investigator who claims that an "onsite Manager who identified himself as Keith" at the New York City building where Napolitano's apartment is located told him that "Napolitano lives here and that he sometimes goes for the weekend to a farm in New Jersey." (Doc. 8-1 Ex. D ¶ 6.) Assuming for these purposes that the investigator's declaration is admissible,[4] it is only marginally probative—the investigator provides no indication of how well, if at all, the manager knows Napolitano or his schedule, and Napolitano already admits that he "lives" at the apartment at times during the week. Plaintiff also notes Napolitano's employment at Fox News, whose studios are located in Manhattan, and as a visiting law professor at Brooklyn Law School. (Doc 8-1 Ex. A, Ex. B.) Napolitano, however, asserts that he has not worked at Brooklyn Law School since 2017, when he only worked there two days per week. (Doc. 15-1 ¶ 8.) These facts are also of limited probative value since Napolitano readily admits that he spends a certain portion of his time in New York City, but asserts that he spends more than half his time at his New Jersey residence and does not work at the Fox studios on Fridays. (*Id.* ¶ 7.)

---

what, this statement would likely be admissible because it recounts a statement made by a party opponent, Napolitano, and it is being used against that party opponent. *See* Fed. R. Evid. 801(d)(2).

[4] In the normal course, this assertion would be inadmissible hearsay because it is offered for its truth. *See* Fed. R. Evid. 801(c). Absent clear guidance from this Circuit, *see supra* note 3, I am assuming without deciding that Plaintiff's declaration is admissible evidence for purposes of this motion.

Ultimately, the parties' main factual disagreement—over the precise amount of time Napolitano spends in each place—is not determinative in the domicile analysis. Regardless of where Napolitano primarily resides, the uncontested evidence—demonstrating that (1) he is registered to vote, drive, and own firearms in New Jersey, (2) he owns and operates a farm in New Jersey, (3) his vehicles are registered and insured in New Jersey, (4) he pays taxes in New Jersey, and (5) his physicians and church are located in New Jersey—strongly corroborate his claim that he intends to remain in New Jersey for the indefinite future. (Doc. 15-1.) In light of all these undisputed and tangible connections to his home in New Jersey, it is mostly inconsequential and not material whether he spends more of his time at one home or the other.

Because Defendant is domiciled in New Jersey, and nearly all the events giving rise to suit occurred outside this District, venue is improper under §1391(b)(1) and § 1391(b)(2). Venue is proper in the District of New Jersey—both under § 1391(b)(1), because Napolitano resides in New Jersey, and under § 1391(b)(2), because the alleged events took place in New Jersey. Therefore, because there exists a different district in which this suit can properly be brought, venue is also improper in this District under § 1391(b)(3). With Plaintiff unable to satisfy any of the options under § 1391(b), I must transfer this case to the District of New Jersey pursuant to § 1406(a).[5]

---

[5] Plaintiff's other arguments fail because they are not directly related to the threshold issue of whether venue properly exists in this District. *See generally supra* note 2. Plaintiff argues that Defendant is not inconvenienced by litigating in this District because Napolitano works in Manhattan. (Doc. 8 at 9–10.) Whether or not Plaintiff's claim is true, it is irrelevant as to whether there is proper venue under § 1391(b)(1). Plaintiff also points to the "first to file" rule to argue that, because Plaintiff filed suit in this Court four days before Defendant filed his Complaint in New Jersey, Plaintiff's suit "should have priority." (*Id.* at 10) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). However, this rule only applies if I have discretion—which I do not—to decide between multiple "suitable" venues, *D.H. Blair & Co.*, 462 F.3d at 106; therefore, because this District is not a suitable venue, the "first to file" rule is inapplicable here.

## IV. **Conclusion**

For the reasons set forth, Defendant's motion to transfer, (Doc. 6,) is GRANTED. The Clerk is directed to terminate the open motion at Document 6.

SO ORDERED.

Dated: October 21, 2020
　　　　New York, New York

_____
Vernon S. Broderick
United States District Judge